61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy CAROLINA, Defendant-Appellant.
 No. 94-6439.
(D.C.No. CR-94-99-T)
 United States Court of Appeals, Tenth Circuit.
 July 19, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 2
 On June 9, 1994, Defendant-Appellant Leroy Carolina ("Carolina") was arrested for the armed robbery of a gas station and theft of a car by use of a firearm. After being indicted on several counts, Carolina pled guilty to robbery, a violation of 18 U.S.C.1951(a), and conditionally pled guilty to (1) carjacking, 18 U.S.C. 2119; and (2) using or carrying a firearm during and in relation to a crime of violence, 18 U.S.C. 924(c)(1), in order to preserve his constitutional challenges to those crimes. Carolina maintained that those criminal statutes violated the Commerce and Double Jeopardy Clauses respectively. However, the district court rejected these contentions and sentenced Carolina to 120 months for the three offenses. Carolina now appeals. For the reasons stated below, we AFFIRM the judgment of the district court.
 
 DISCUSSION
 
 3
 We review Carolina's constitutional challenges to the federal carjacking and firearms statutes de novo. See Johnston v. Cigna Corp., 14 F.3d 486, 489 (10th Cir.1993), cert. denied, 115 S.Ct. 1792 (1995).
 
 A. COMMERCE CLAUSE CHALLENGE
 
 4
 The Commerce Clause clearly imposes a limitation on Congress' ability to enact criminal laws. U.S. Const. art. I, 8, cl. 3 (empowering Congress to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes"); United States v. Lopez, 115 S.Ct. 1624, 1634 (1995) (invalidating the Gun-Free School Zones Act on Commerce Clause grounds). In United States v. Overstreet, we rejected a Commerce Clause challenge to the federal carjacking statute, 18 U.S.C. 2119 ("Section 2119"), concluding that the statute fell within Congress' power to regulate interstate commerce. See 40 F.3d 1090, 1093 (10th Cir.1994), cert. denied, 115 S.Ct. 1970 (1995). However, as Overstreet predated the Supreme Court's Lopez decision, we must reconsider Overstreet in light of Lopez.
 
 
 5
 Lopez explained that a federal criminal statute falls within the scope of Congress' authority under the Commerce Clause if it regulates: (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce"; or (3) "activities having a substantial relation to interstate commerce." 115 S.Ct. at 1629-30. In Overstreet, we concluded that the carjacking statute regulated interstate commerce because carjacking: (1) affected interstate travel and the travel of foreign citizens; (2) related to the sale of stolen cars and parts in interstate commerce; and (3) resulted in higher insurance premiums. 40 F.3d at 1093. The first justification brings the carjacking statute within those regulations governing the channels and instrumentalities of commerce (i.e. the safety of public roads and cars); the second and third justifications relate to economic transactions connected to the automobile industry. That is, the carjacking statute both regulates "things in interstate commerce" as well as things substantially affecting interstate commerce. Cf. United States v. Wilks, --- F.3d ----, ---, No. 94-5208, 1995 WL 395172, * 2-3 (10th Cir. July 6, 1995) (upholding 18 U.S.C. 922(o), statute regulating transfer and possession of machineguns, against Commerce Clause challenge). Thus, we reaffirm our holding in Overstreet in light of Lopez.[3]
 
 
 6
 In addition to challenging Overstreet 's judgment on the constitutionality of Section 2119, Carolina argues that the carjacking statute is unconstitutional as applied to him because he stole the car out of a driveway and only drove it for twelve blocks. We reject this argument because Section 2119 is "an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated." Lopez, 115 S.Ct. at 1630. That is, Section 2119's effect of regulating the safety of the roads as well as the market for car parts (both of which substantially affect interstate commerce) make it an acceptable Commerce Clause regulation and warrant regulating intrastate activity to advance the goals of the statute. Thus, even though Carolina's actions were not tangibly related to interstate commerce, they still can be criminalized under a regulatory scheme that necessarily involves interstate commerce. United States v. Johnson, 22 F.3d 106, 109 (6th Cir.1994) ("It is obvious that carjackings as a category of criminal activity have an effect on interstate travel and the travel of foreign citizens to this country.").[4]
 
 B. DOUBLE JEOPARDY CHALLENGE
 
 7
 The Double Jeopardy Clause ensures that no individual may be tried or punished twice for the same offense. U.S. Const. amend. V; Overstreet, 40 F.3d at 1093 (citing United States v. Dixon, 113 S.Ct. 2849, 2855-56 (1993)). Thus, two different statutes may not punish individuals for the same act unless Congress clearly conceived of the act as constituting separate offenses, thereby warranting cumulative punishments. Overstreet, 40 F.3d at 1093.
 
 
 8
 Carolina contends that 18 U.S.C. 924(c)(1), the firearms statute, and 18 U.S.C. 2119, the carjacking statute, impose cumulative punishment in violation of the Double Jeopardy Clause. Carolina concedes that all of the circuits--including this court--to consider this argument have concluded that Congress intended to cumulate punishment under Sections 924(c)(1) and 2119. Br. of Appellant at 4; Overstreet, 40 F.3d at 1094 (collecting cases). However, Carolina contends that Overstreet was wrongly decided and that the rule of lenity demands that we not view the two statutes as imposing cumulative punishments. We disagree. As we noted in Robertson v. United States, the rule of lenity only applies in the case of an ambiguous statute and Overstreet "resolves any potential ambiguities regarding consecutive sentencing." No. 94-6321, 1995 WL 93386 (10th Cir. Feb. 28, 1995) (unpublished) (citing Moskal v. United States, 498 U.S. 103, 108 (1990)).
 
 CONCLUSION
 
 9
 For the reasons stated above, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted Defendant-Appellant's application to proceed in forma pauperis pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 We note that the one circuit to consider the constitutionality of Section 2119 after Lopez was decided concluded that it did not violate the Commerce Clause. See United States v. Williams, 51 F.3d 1004, 1008-09 (11th Cir.1995)
 Moreover, while Overstreet did not explicitly rely on the fact that the carjacking statute contained a jurisdictional element--i.e. that the stolen car must have travelled in interstate commerce--it did reference United States v. Watson, 815 F.Supp. 827, 830-31 (E.D.Pa.1993). Watson explained that "[s]ince the statute applies only to cars that have crossed state lines, it applies only to things which are said to be in commerce.' " Id. at 830. The Lopez Court underscored the importance of such a jurisdictional element and suggested that, had the Gun-Free School Zones Act included any such jurisdictional element, the statute could have been upheld on the ground that its reach was limited "to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce." 115 S.Ct. at 1631 (citing United States v. Bass, 404 U.S. 336 (1971)). Thus, we conclude that the carjacking statute's jurisdictional element provides an additional reason to adhere to Overstreet in light of Lopez.
 
 
 [4]
 Again, we note that the statute's jurisdictional element--i.e. the requirement that the car travel in interstate commerce--coupled with Carolina's concession that the car met this requirement, supports our judgment that Section 2119 is constitutional as applied to Carolina