UNITED STATES of America, Appellee,

v.

Frank ROBINSON, Appellant.

No. 95–1005.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1995.

Decided Aug. 7, 1995.

235

Dorothy M. Hirzy, St. Louis, MO, for appellant.

Thomas Joseph Mehan, Asst. U.S. Atty., St. Louis, MO, for appellee.

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

MAGILL, Circuit Judge.

Frank Robinson appeals his conviction of carjacking, in violation of 18 U.S.C. § 2119, and the use or carrying of a firearm in the taking of a motor vehicle by force, in violation of 18 U.S.C. § 924(c)(1). Robinson argues that the district court[1] erred in denying his motions to dismiss both counts, because the indictment was vague and did not contain a statement of the essential facts supporting the charges; the carjacking statute is beyond Congress's powers under the commerce clause of the federal Constitution; and the two counts comprise double jeopardy, because they contain elements in common. We affirm.

## I. BACKGROUND

In April 1994, Cornelius Mosley, of Mississippi, rented a van to drive himself and his family to St. Louis, Missouri, to attend his father's funeral. On April 7, he and three of his relatives were at a Shell station in St. Louis when Frank Robinson and another man, armed with sawed-off shotguns, ordered them out of the van. They got out of the van, and Robinson and his companion got into the van and drove away.

The gas station clerks notified the police both by calling 911 and by flagging down a passing patrol car. Within minutes, multiple police units were combing the area for the van, and the van was sighted. After an extended chase, during which shots were fired at police from the van, the van slowed at an intersection, and Robinson, who had been driving, got out of the van and ran, firing a shot at police. In pursuit, a St. Louis police officer fired at Robinson, striking him twice. Robinson was then arrested. The passenger, Anthony Green, was arrested after the van crashed into another car.

At trial, Robinson was identified by Mosley as the carjacker and by police officers involved in the chase as the subject of the chase. Robinson denied the carjacking, asserting that he rented the van from someone he knew for $30, and, after picking up a friend, found that he was being pursued by police. He claimed that he left the van and ran because he had outstanding traffic tickets, and that he was not armed.

Robinson and Green were charged by indictment with two counts: carjacking, 18 U.S.C. § 2119; and use of a firearm during the commission of the carjacking, 18 U.S.C. § 924(c). Robinson's co-defendant brought three pretrial motions, adopted by Robinson: a motion to dismiss the indictment as vague and based on insufficient evidence; a motion to dismiss the carjacking count because the statute is invalid under the commerce clause; and a motion to dismiss the firearms count as constituting double jeopardy. The district court denied the three motions, and a jury convicted Robinson on both counts. He was sentenced to 147 months imprisonment, and this appeal followed.

## II. DISCUSSION

█ Defendant presents us with one possibly meritorious argument: that the carjacking statute[2] is beyond Congress's legisla-

1. The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

2. 18 U.S.C. § 2119 states:
   Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in

interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
   (1) be fined under this title or imprisoned not more than 15 years, or both,
   (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined

tive power under the Constitution's commerce clause.[3]

The federal carjacking statute has been tested under the commerce clause powers in several of our sister circuits, and has universally been upheld. *See United States v. Harris,* 25 F.3d 1275 (5th Cir.1994) (holding that the carjacking statute is within Congress's commerce clause powers); *Johnson,* 22 F.3d at 109 (same); *United States v. Martinez,* 49 F.3d 1398, 1400–01 (9th Cir.1995) (same); *Overstreet,* 40 F.3d at 1093 (same); *United States v. Williams,* 51 F.3d 1004, 1008–09 (11th Cir.1995) (same).

We agree that the carjacking statute is a valid exercise of Congress's commerce clause powers, but, in light of the Supreme Court's recent decision in *United States v. Lopez,* — U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), feel that brief further discussion is warranted.

In *Lopez,* the Court struck down the Gun–Free School Zones Act, making it a federal offense to possess a firearm within 1000 feet of a school, as beyond the powers of Congress under the commerce clause. *Id.* The Court delineated three categories of activity as within the regulatory powers of Congress under the commerce clause. *Id.* at ——, 115 S.Ct. at 1629. First, "Congress may regulate the use of the channels of interstate commerce," even though the threat may come only from intrastate activities. *Id.* Second, "Congress is empowered to regulate and protect the instrumentalities of interstate commerce or persons or things in interstate commerce even though the threat may come only from intrastate activities." *Id.* Third, "Con-

gress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce." *Id.* at —— – ——, 115 S.Ct. at 1629–30.

The Court found that the *Lopez* statute was neither regulation of the channels of interstate commerce, nor regulation of an instrumentality of interstate commerce or a thing in interstate commerce, *id.* at 1630, and thus that the statute could only be upheld if it regulated an activity that "substantially affect[ed] interstate commerce," *id.* The Court held that the statute did not regulate an activity substantially affecting interstate commerce, finding that the statute on its face had nothing to do with commerce, *id.,* and that the statute "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce," *id.* at 1631. Finally, the Court noted that " '[n]either the statute nor its legislative history contain[s] express congressional findings regarding the effects upon interstate commerce of gun possession in a school zone.' " *Id.* (quoting Brief for United States 5–6).

The *Lopez* decision does not alter our view that the carjacking statute is a valid exercise of Congress's commerce clause powers. First, the carjacking statute, on its face, regulates an item in interstate commerce; the statute addresses only the taking by force of motor vehicles that have been "transported, shipped, or received in interstate commerce." 18 U.S.C. § 2119. Therefore, the carjacking statute fits squarely within the second category of activities regulable by Congress un-

---

under this title or imprisoned not more than 25 years, or both, and
(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

**3.** Robinson also argues that the indictment was vague, and that one of the two counts should have been dismissed, because each contained elements in common with the other, and thus violated the constitutional provision barring double jeopardy. Both of these arguments are meritless. The indictment identifies the crimes charged, and specifies which federal statutes criminalize those activities; it is not vague. We, and several of our sister circuits, have held that the carjacking statute and the firearms statute do not implicate the double jeopardy clause, and we

do not reconsider that decision at this time. *See United States v. Jones,* 34 F.3d 596 (8th Cir. 1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1701, 131 L.Ed.2d 563 (1995); *United States v. Mohammed,* 27 F.3d 815 (2d Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 451, 130 L.Ed.2d 360 (1994); *United States v. Johnson,* 32 F.3d 82 (4th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 650, 130 L.Ed.2d 554 (1994); *United States v. Singleton,* 16 F.3d 1419 (5th Cir.1994); *United States v. Johnson,* 22 F.3d 106 (6th Cir.1994); *United States v. Overstreet,* 40 F.3d 1090 (10th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1970, 131 L.Ed.2d 859 (1995); *United States v. Martin,* 38 F.3d 534 (11th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 2290, 132 L.Ed.2d 292 (1995).

der the commerce clause, not requiring a separate showing that the intrastate activity substantially affects interstate commerce.[4] Second, the statute, by virtue of the same provision, included the requirement of a case-by-case showing of a nexus between the intrastate activity and interstate commerce; if the government cannot show that the motor vehicle was transported, shipped, or received in interstate commerce, an element of the carjacking crime has not been proven, and the statute will not apply. *See United States v. Mosby,* 60 F.3d 454, 456 (8th Cir.1995).

Moreover, "Congress was not silent regarding the effect of carjacking on interstate commerce.... Congress relied on, among other things, 'the emergence of carjacking as a "high-growth industry" that involves taking stolen vehicles to different states to retitle, exporting vehicles abroad, or selling cars to "chop shops" to distribute various auto parts for sale.'" *United States v. Oliver,* 60 F.3d 547, 550 (9th Cir.1995) (quoting *Martinez,* 49 F.3d at 1400 n. 2 (citing legislative history)). Concerning the carjacking statute, therefore, Congress cited a direct link between carjacking and negative effects on interstate commerce; in the case of the *Lopez* statute, Congress was only able to identify extremely attenuated links between possession of a gun near a school and interstate commerce. *Lopez,* therefore, does not render the carjacking statute unconstitutional, and we find that the carjacking statute is a valid exercise of Congress's commerce clause powers.

As of this writing, only the Ninth Circuit has examined the carjacking statute's validity under the *Lopez* decision. *Oliver, supra.* The Ninth Circuit came to the same conclusion we have, for similar reasons, and we join them in finding that the carjacking statute remains valid in the wake of *Lopez. See id.* at 549–50.

## III. CONCLUSION

Because Robinson's claims based on vagueness of indictment and double jeopardy are meritless, and because we find that the federal carjacking statute is a valid exercise of Congress's commerce clause powers, we affirm the judgment of the district court.

---

4. The van carjacked by Robinson had been rented in Mississippi and was carjacked in Missouri.

This fact establishes the nexus with interstate commerce required by the statute.