United States Court of Appeals,

Eleventh Circuit.

No. 95-4962

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Michael John Anthony HUTCHINSON, a/k/a Miguel, a/k/a Chino, Defendant-Appellant.

Feb. 16, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-6150-CR-DTKH), Daniel T.K. Hurley, Judge.

Before TJOFLAT, Chief Judge, and HATCHETT and CARNES, Circuit Judges.

PER CURIAM:

Michael Hutchinson pleaded guilty to an indictment charging him with one count of possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and one count of carjacking in violation of 18 U.S.C. § 2119. His conditional guilty plea preserved the issue of the constitutionality of the carjacking statute, which is the only issue he raises on appeal.

Hutchinson contends that 18 U.S.C. § 2119, The Anti-Car Theft Act of 1992, commonly referred to as the carjacking statute, is a constitutionally impermissible exercise of Congress' commerce clause authority in light of the holding in *United States v. Lopez,* --- U.S. ----, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Hutchinson's contention is foreclosed by our decision in *United States v. Williams,* 51 F.3d 1004, 1008 (11th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 258, 133 L.Ed.2d 182 (1995), which

specifically held that Congress did not exceed its power under the commerce clause in enacting the federal carjacking statute. The *Williams* decision was released thirteen days after the *Lopez* decision, and accordingly stands for the proposition that *Lopez* does not require a holding that the carjacking statute is unconstitutional. If it did, *Williams* would have been decided differently.

Hutchinson asks that we "revisit" the holding in *Williams,* but one panel of this Court cannot revisit another panel's decision. *E.g., United States v. Hogan,* 986 F.2d 1364, 1369 (11th Cir.1993) ("it is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court"). Moreover, we note that the five other circuits that have addressed the issue in the wake of *Lopez* have all held that notwithstanding that decision the carjacking statute is a valid exercise of Congress' Commerce Clause power. *E.g., United States v. Bishop,* 66 F.3d 569, 585 (3d Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995); *United States v. Green,* 62 F.3d 1418 (6th Cir.) (unpublished opinion), *cert. denied,* --- U.S. ----, 116 S.Ct. 543, 133 L.Ed.2d 447 (1995); *United States v. Robinson,* 62 F.3d 234, 236-37 (8th Cir.1995); *United States v. Carolina,* 61 F.3d 917 (10th Cir.1995) (unpublished opinion); *United States v. Oliver,* 60 F.3d 547, 549-50 (9th Cir.1995).

AFFIRMED.