**UNITED STATES of America**

v.

**Paul E. LOWE, Defendant.**

**Criminal No. 95–10404–PBS.**

United States District Court,
D. Massachusetts.

April 9, 1996.

Peter Parker, Federal Defender Office, Boston, MA, for Defendant.

James Lang, United States Attorney's Office, Boston, MA, Paula J. DeGiacomo, United States Attorney's Office, Boston, MA, for U.S.

### MEMORANDUM AND ORDER

SARIS, District Judge.

Defendant Paul E. Lowe ("Lowe") moves to dismiss Count One of the Indictment charging him with carjacking in violation of 18 U.S.C. § 2119[1] on the grounds that the statute exceeds the scope of Congress' regulatory power under the Commerce Clause. For the reasons given below, Lowe's motion is **DENIED.**

In *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), the Supreme Court struck down the Gun–Free School Zones Act of 1990, which made possession of a firearm in a school zone a federal crime, as beyond the power of Congress to regulate under the Commerce Clause. The Court held that there are three "broad categories of activity that Congress may regulate under its commerce power. First, Congress may regulate the use of the channels of interstate commerce. Second,

Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities. [Third], Congress' commerce authority includes the power to regulate those activities having a substantial relationship to interstate commerce, i.e., those activities that substantially affect interstate commerce." *Id.* at —— – ——, 115 S.Ct. at 1629–30 (citations omitted).

The Court found that the Gun–Free School Zones Act fell within this third category. Because Congress made no findings as to whether the regulated activity (i.e., possession of a firearm within 1000 feet of a school) affected interstate commerce and there was no showing on the record of such a substantial effect, the statute was held unconstitutional. *Id.* at —— – ——, 115 S.Ct. at 1630–34.

In sharp contrast to the Gun–Free School Zones Act, the Anti–Car Theft Act, 18 U.S.C. § 2119, establishes the necessary nexus between the regulated activity and interstate commerce to survive scrutiny under *Lopez.* First, the statute regulates automobile theft, and thereby "protect[s] the instrumentalities of interstate commerce." —— U.S. ——, 115 S.Ct. at 1629. Second, the legislative history of the carjacking statute is replete with findings as to the economic effect of car theft on interstate commerce. *See United States v. Bishop,* 66 F.3d 569, 580 (3d Cir.) (analyzing congressional findings and legislative history), *cert. denied,* —— U.S. ——, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995). Third, and perhaps most importantly, the carjacking statute contains an explicit jurisdictional predicate that was lacking in the Gun–Free School Zones Act. To be prosecuted under § 2119, a person must forcibly take a car "that has been transported, shipped, or received in interstate or foreign commerce." 18 U.S.C. § 2119.

---

**1.** The carjacking statute, 18 U.S.C. § 2119, was enacted as part of the Anti–Car Theft Act of 1992 and provides:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both,
(2) if serious bodily injury ... results, be fined under this title or imprisoned not more than 25 years, or both, and
(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

320

Although the First Circuit has not yet decided the issue, many circuits have affirmed the constitutionality of the carjacking statute post*Lopez. See United States v. Coleman*, 78 F.3d 154, 156–60 (5th Cir.1996); *United States v. Hutchinson*, 75 F.3d 626, 627 (11th Cir.1996) (per curiam); *Bishop*, 66 F.3d at 575–90; *United States v. Robinson*, 62 F.3d 234, 236–37 (8th Cir.1995); *United States v. Carolina*, 61 F.3d 917 (10th Cir. 1995) (unpublished opinion); *United States v. Washington*, 61 F.3d 904 (6th Cir.) (unpublished opinion), *cert. denied sub. nom, Pitts v. United States*, —— U.S. ——, 116 S.Ct. 537, 133 L.Ed.2d 442 (1995); *United States v. Oliver*, 60 F.3d 547, 549–50 (9th Cir.1995); *see also United States v. Garcia–Beltran*, 890 F.Supp. 67, 69–72 (D.P.R.1995). There is no reason to depart from the overwhelming weight of the precedent on this issue.

Moreover, the First Circuit recently rejected a *Lopez* challenge to the constitutionality of 18 U.S.C. § 922(k), which prohibits the possession of firearms with obliterated serial numbers. Section 922(k) contains an explicit jurisdictional predicate requiring the firearms to have been "shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(k). Relying on this jurisdictional limitation, the court tersely held that "section 922(k) is readily distinguishable from the provision that was invalidated in *Lopez*, and its enactment did not exceed Congress' authority under the Commerce Clause." *United States v. Diaz–Martinez*, 71 F.3d 946, 953 (1st Cir.1995). The federal carjacking statute includes an identical jurisdictional limitation that similarly excludes it from the reach of *Lopez*. Therefore, Lowe's facial attack on the constitutionality of 18 U.S.C. § 2119 is denied.

■ Lowe's challenge to the constitutionality of the statute as applied is similarly without merit. The Government alleges that Lowe forcibly took the victim's car and drove her *across state lines* from Lowell, Massachusetts, to New Hampshire and back. If proven, this conduct amply establishes the nexus with interstate commerce necessary to fulfil the jurisdictional predicates provided in *Lopez*.

*Conclusion*

Based on the foregoing, Defendant's motion to dismiss Count One of the Indictment is **DENIED**.