United States Court of Appeals,

Eleventh Circuit.

No. 95-5433

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Stephen CHISHOLM, a.k.a. Stephenegeno Chisholm, Defendant-Appellant.

Feb. 18, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-60-CR), Donald L. Graham, Judge.

Before BIRCH and CARNES, Circuit Judges, and KRAVITCH[*], Senior Circuit Judge.

PER CURIAM:

Stephen Chisholm moved in the district court for a dismissal of Count I of his indictment for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), on the ground that this statute is an unconstitutional exercise of Congress's Commerce Clause authority, and citing the Supreme Court's decision in *United States v. Lopez,* --- U.S. ----, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). When the district court denied his motion, Chisholm pleaded guilty. He raises the *Lopez* issue again on appeal.

Chisholm recognizes that his argument has been rejected by this court and every other circuit which has considered the issue. *See United States v. McAllister,* 77 F.3d 387, 390 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 262, 136 L.Ed.2d 187

---

[*]Judge Kravitch was in regular active service when this matter was originally submitted but has taken senior status effective January 1, 1997.

(1996).[1]  He contends, however, that this court should revisit the *McAllister* decision because it conflicts with our decision in *United States v. Denalli,* 73 F.3d 328 (11th Cir.), *modified,* 90 F.3d 444 (1996), and with *Lopez* itself.

In *Denalli,* we held that a defendant could not be convicted under the federal arson statute, 18 U.S.C. § 844(i), without proof that the private residence[2] destroyed "was used in an activity that had a substantial effect on interstate commerce."  90 F.3d at 444. We reasoned that *Lopez* limited Congress's Commerce Clause authority only to activities that "substantially" affect interstate commerce, and that Congress could not make it a federal crime to burn private property with a less than "substantial" connection to interstate commerce, even though the statute's language does not require a "substantial" effect.[3]

---

[1] *See also United States v. Wells,* 98 F.3d 808 (4th Cir.1996);  *United States v. Gateward,* 84 F.3d 670, 671-72 (3d Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 268, 136 L.Ed.2d 192 (1996);  *United States v. Abernathy,* 83 F.3d 17, 20 (1st Cir.1996);  *United States v. Spires,* 79 F.3d 464, 466 (5th Cir.1996);  *United States v. Turner,* 77 F.3d 887, 889 (6th Cir.1996);  *United States v. Sorrentino,* 72 F.3d 294, 296-97 (2d Cir.1995);  *United States v. Bell,* 70 F.3d 495, 497-98 (7th Cir.1995);  *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 966, 133 L.Ed.2d 887 (1996);  *United States v. Shelton,* 66 F.3d 991, 992 (8th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 1364, 134 L.Ed.2d 530 (1996);  *United States v. Hanna,* 55 F.3d 1456, 1462 n. 2 (9th Cir.1995).

[2] We note that *Denalli* involved a special case:  the arson of a private residence.  By contrast, we recently upheld a conviction under the arson statute for the burning of a restaurant catering to interstate travelers, where "the requisite connection to interstate commerce is apparent." *United States v. Utter,* 97 F.3d 509, 516 (11th Cir.1996).

[3] 18 U.S.C. § 844(i) makes illegal the burning of "property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce...."

In *McAllister,* we rejected the defendant's argument that he could not be convicted under the statute prohibiting felons from possessing a firearm, 18 U.S.C. § 922(g)(1), without proof that his possession "substantially" affected interstate commerce. Like *Denalli, McAllister* involved a statute that did not require a "substantial" connection to commerce.[4] In *McAllister,* however, we ruled that so long as the weapon in question had a "minimal nexus" to interstate commerce, the Constitution is satisfied. *McAllister,* 77 F.3d at 389–90.

Chisholm argues that *Denalli* 's "substantial effect" test and *McAllister* 's "minimal nexus" test are in tension. Assuming, *arguendo,* that Chisholm is correct, we nonetheless are bound by the *McAllister* panel's decision, as Chisholm was convicted under the exact statute at issue in *McAllister,* and the opinion remains binding precedent. *See United States v. Adams,* 91 F.3d 114, 115 (11th Cir.1996) (applying *McAllister* ).[5]

Accordingly, the decision of the district court is AFFIRMED.

---

[4]18 U.S.C. § 922(g) makes it illegal for a felon to "possess in or affecting commerce, any firearm or ammunition."

[5]*See United States v. Hutchinson,* 75 F.3d 626, 627 (11th Cir.) (noting that only *en banc* court may revisit prior panel decision), *cert. denied,* --- U.S. ----, 117 S.Ct. 241, 136 L.Ed.2d 170 (1996).