**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4344

GERALD ANTHONY HALL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-94-195-MU)

Submitted: February 10, 1998

Decided: March 17, 1998

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, David C. Keesler, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gerald Anthony Hall appeals from his convictions of conspiracy to commit carjacking, 18 U.S.C. § 371 (1994); aiding and abetting carjacking, 18 U.S.C. §§ 2, 2119 (1994); aiding and abetting the use and carrying of a firearm during a crime of violence, 18 U.S.C. §§ 2, 924(c) (1994); and being a felon in possession of a firearm, 18 U.S.C. § 922(g) (1994), for which he was sentenced to a total term of 240 months imprisonment. Hall's only claim on appeal is that the district court erred in denying his motion for judgment of acquittal, Fed. R. Crim. P. 29, based on the Government's alleged failure to establish an interstate commerce nexus to support the conviction for carjacking charged in Count Two of the indictment. For the reasons that follow, we affirm.

The evidence presented at Hall's trial, viewed in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), established that on October 29, 1994, Hall and a juvenile male attempted to carjack a Jeep Cherokee in a convenience store parking lot in Lowell, North Carolina. Prior to trial, Hall and the Government entered into the following stipulation, which was read to the jury after the Government's opening statement:

> [T]he Jeep Cherokee vehicle that was the subject of the attempted carjacking at England's Carload Market in Lowell, North Carolina on October 29, 1994 was not manufactured in North Carolina, and therefore, had previously been transported, shipped or received in interstate or foreign commerce.

Hall claims that, despite this stipulation, the Government failed to present evidence sufficient to establish an interstate commerce nexus because the car was purchased in North Carolina and only driven in North Carolina and, therefore, "there was no showing of any connection with interstate commerce beyond the fact that the car had been manufactured outside of North Carolina." (App. Br. at 4).

2

Hall waived the requirement that the Government produce evidence with respect to the interstate commerce nexus by virtue of his stipulation to that element of the crime. See United States v. Clark, 993 F.2d 402, 406 (4th Cir. 1993); United States v. Reedy, 990 F.2d 167, 169 (4th Cir. 1993). We find that the facts as stipulated were sufficient evidence as to the interstate commerce element of the crime of carjacking. See United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir. 1995) ("`where a general regulatory statute bears a substantial relation to commerce, the de minimis character of individual instances arising under that statute is of no consequence.'") (quoting United States v. Lopez, 514 U.S. 549, 558 (1995)). To the extent that Hall challenges the carjacking statute in light of the Supreme Court's decision in Lopez (invalidating a provision of the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q) (1994)), we reject this claim as has every circuit to address the issue. See United States v. McHenry, 97 F.3d 125, 126 (6th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3570 (U.S. Feb. 18, 1997) (No. 96-7188); United States v. Coleman, 78 F.3d 154, 160 (5th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3263 (U.S. Oct. 7, 1996) (No. 96-5304); United States v. Hutchinson, 75 F.3d 626, 627 (11th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3264 (U.S. Oct. 7, 1996) (No. 96-5397); United States v. Bishop, 66 F.3d 569, 585 (3d Cir.), cert. denied, #6D 6D6D# U.S. ___, 64 U.S.L.W. 3416 (U.S. Dec. 11, 1995) (No. 95-6678); United States v. Robinson, 62 F.3d 234, 236 (8th Cir. 1995); United States v. Oliver, 60 F.3d 547, 550 (9th Cir. 1995).

Accordingly, we affirm Hall's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3