[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 10, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-12637
Non-Argument Calendar

_____

D. C. Docket No. 04-00441-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LISBON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 10, 2006)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Daniel Lisbon pleaded guilty to carjacking, in violation

of 18 U.S.C. § 2119 (Count 1); using and brandishing a firearm during and in

relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2); and

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

(Count 3).

The underlying facts are as follows: Lisbon and another man approached

Donald Jones in a parking lot as Jones was entering his car. The men brandished

firearms and ordered Jones to hand over his keys and wallet and to lie on the

ground. Jones complied and the men drove off in his car. About eleven minutes

later, police stopped the car during a traffic stop. The two men ran and Lisbon was

caught. Police found a firearm in his back pocket. Jones identified Lisbon as one

of the carjackers and Lisbon's palm and fingerprints were found in Jones's car.

The firearm was manufactured in Maryland and the car was sold in Minnesota. At

the time of the offense, Lisbon had prior convictions for battery of a law

enforcement officer, forgery and grand theft, and burglary of a conveyance and

grand theft.

The presentence investigation report ("PSI") grouped Counts 1 and 3

together and calculated a total adjusted offense level of 19. Lisbon had numerous

juvenile adjudications beginning in 1990 when Lisbon was only 13 years old,

although none of these convictions resulted in any criminal history points. Lisbon

also had numerous convictions that did result in a total of 15 points, giving him a

criminal history score of VI. With a total offense level of 19 and a criminal history category VI, Lisbon's guidelines range for Counts 1 and 3 was 63 to 78 months imprisonment. Lisbon filed no objections to the PSI.

At the sentencing hearing, the court adopted the PSI. Lisbon called Dr. Michael Gamache, who testified that Lisbon suffered from a learning disability, and had a history of intellectual and mental impairments, abuse, and depression. Gamache admitted, however, that Lisbon knew his conduct was wrong when he committed the offenses. Gamache noted that Lisbon had spent most of his adult life in custody, and that each time Lisbon was released, he lacked the social and family support to get help. Gamache asserted that Lisbon was in need of treatment, medication, and supervision, although he acknowledged that Lisbon had been in treatment before and had refused care.

Lisbon conceded that the court was bound to impose a mandatory 84-month term of imprisonment for Count 2 that would run consecutively to the rest of his sentences. He requested, however, that the court sentence him below the advisory guidelines range on Counts 1 and 3 due to his mitigating testimony and the fact that his criminal history points did not take into account the fact that several of his prior offenses occurred only two days apart when he was just 16 years old. He also requested that the court consider his need for treatment. The court noted that

3

Lisbon had been a "continuous criminal machine" since 1990 and that he had rejected attempts at treatment in the past. Therefore, considering the advisory guidelines and the sentencing factors of 18 U.S.C. § 3553(a),[1] the court found that a sentence at the low end of the guidelines range was appropriate. Accordingly, the court sentenced Lisbon to 63 months on Counts 1 and 3, to run concurrently to each other, but consecutively to the 84-month mandatory sentence on Count 2, for a total of 147 months imprisonment.

II. The Appeal

Lisbon raises two issues on appeal: (1) his convictions must be overturned because the statutes under which he was convicted were unconstitutional, and (2) his sentences are unreasonable.

A. Convictions[2]

Lisbon argues that his convictions must be vacated because the statutes under which he was convicted are unconstitutional exercises of Congress's

---

[1] These factors include: the guidelines range; the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to provide punishment; to afford adequate deterrence to criminal conduct; to protect the public; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

[2] We note that generally a defendant's knowing and voluntary unconditional plea waives all non-jurisdictional defects in the proceedings. United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984). This rule does not preclude a defendant's challenge to the constitutionality of the statutes under which he was convicted. United States v. Palacios-Casquete, 55 F.3d 557, 561 (11th Cir. 1995).

Commerce Clause power. He contends that this court's decision in United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004), which dealt with a different statute, calls into question whether the statutes are constitutional.

Generally, we review constitutional issues de novo, but it is within the court's discretion whether to address a constitutional issue when it has been raised for the first time on appeal. United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004), cert. denied, 125 S.Ct. 1751 (2005). When an issue is raised for the first time on appeal, this court reviews the argument for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). Challenges to the court's jurisdiction, even if raised for the first time on appeal, are subject to review de novo, as subject-matter jurisdiction cannot be waived. United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998).

There is no merit to Lisbon's arguments. First, Maxwell has been vacated by the Supreme Court. Maxwell, 386 F.3d 1042 (11th Cir. 2004), judgment vacated by, 126 S.Ct. 321 (2005). Second, this court consistently has upheld the constitutionality of §§ 922(g) and 924(c). United States v. Wright, 392 F.3d 1269 (11th Cir. 2004) (upholding § 922(g) after Maxwell); United States v. Ferreira, 275 F.3d 1020, 1028 (11th Cir. 2001) (upholding § 924(c)); United States v. DePace, 120 F.3d 233, 235 n.2 (11th Cir. 1997) (same). In addition, this court has upheld

5

the constitutionality of § 2119. <u>United States v. Williams</u>, 51 F.3d 1004, 1008-09 (11th Cir.), <u>cert. denied</u>, 516 U.S. 900 (1995), <u>abrogated on other grounds by Jones v. United States</u>, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (holding that the higher penalty provisions of § 2119 are elements of the offense that must be proven to a jury beyond a reasonable doubt); <u>see also</u> <u>United States v. Hutchinson</u>, 75 F.3d 626, 627 (11th Cir. 1996).

   B. Sentences

  Lisbon next argues that his sentences are unreasonable because a sentence below the guidelines range would have been sufficient to meet the goals established in § 3553(a).

  As an initial matter, this court recently explained that we retain jurisdiction to review sentences under 18 U.S.C. § 3742. <u>See</u> <u>United States v. Martinez</u>, No. 05-12706, manuscript op. at 7-9 (11th Cir. Jan. 9, 2006).

  After <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for reasonableness. <u>Martinez</u>, manuscript op. at 7; <u>United States v. Winingear</u>, 422 F.3d 1241, 1245 (11th Cir. 2005). In conducting this review, we consider the entire sentence for reasonableness in light of the sentencing factors set forth in § 3553(a). <u>Winingear</u>, 422 F.3d at 1245. A sentence within the guidelines range is not presumptively reasonable. <u>United</u>

6

<u>States v. Talley</u>, 431 F.3d 784, 787 (11th Cir. 2005). In the instant case, Lisbon challenges only the sentences imposed on Counts 1 and 3, as he recognizes that the court was bound to impose a consecutive 84-month sentence on Count 2.

After a review of the record, we conclude that the sentence imposed was reasonable. Lisbon was sentenced at the low end of the guidelines range, and the guidelines range is one factor the court must consider in fashioning a reasonable sentence. <u>Scott</u>, 426 F.3d at 1330. Additionally, the court considered Lisbon's lengthy criminal history spanning over 15 years, the mitigating evidence, and the need for punishment and deterrence. The court also questioned whether a lesser sentence would have any impact on treatment, as Lisbon had rejected treatment in the past. Therefore, given the nature of the offense and Lisbon's criminal history, the sentence imposed was reasonable.

Accordingly, we AFFIRM Lisbon's convictions and sentences.