[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 8, 2006
THOMAS K. KAHN
CLERK

No. 05-12982
Non-Argument Calendar

_____

D. C. Docket No. 94-06150-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JOHN ANTHONY HUTCHINSON,
a.k.a. Chino, a.k.a. Miguel,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 8, 2006)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Michael John Anthony Hutchinson appeals his sentence of 36 months imprisonment imposed after he violated the terms of his supervised release. We affirm.

## I.

In 1995 Hutchinson pleaded guilty to one count of carjacking in violation of 18 U.S.C. § 2119 and one count of use of a firearm during an act of violence in violation of 18 U.S.C. § 924(c)(1)(A). See United States v. Hutchinson, 75 F.3d 626 (11th Cir. 1996). After serving his term of imprisonment, Hutchinson began a three-year period of supervised release on January 20, 2004. On December 7, 2004, Hutchinson's probation officer filed a superseding petition for revocation of supervised release that alleged that Hutchinson had committed eight violations of the conditions of his supervised release. Violation 8 of the petition charged that Hutchinson had been arrested by officers of the Miami Dade Police Department in October 2004 and that he been found guilty of grand theft auto in the third degree under Florida law on November 15, 2004.[1] At a revocation hearing before the magistrate judge, Hutchinson stated that he had pleaded no contest to the grand

_____

[1] The other violations alleged in the revocation petition included: two violations for submitting urine specimens that tested positive for cocaine (Violations 1 and 2); three violations for failing to notify his probation officer of a change of residence (Violations 3, 4, and 5); one violation for failing to participate in a substance abuse program (Violation 6); and one violation for being discharged from a residential treatment program (Violation 7). Hutchinson admitted to Violations 1, 4, and 7, and the district court also found Hutchinson guilty of Violations 3, 5, and 6. Violation 2 was dismissed.

theft auto charge and admitted to violating the conditions of his supervised release by failing to refrain from violating the law. The district court found Hutchinson guilty of violating the conditions of his supervised release.

At sentencing the government proffered that the Broward County Sheriff's Department had issued a warrant for Hutchinson's arrest in connection with another auto burglary that occurred before the offense charged in the revocation petition. Officer Mike Sweeney of the Broward County Sheriff's Department attended the hearing at the government's request but was not sworn in as a witness. At one point during the hearing, the following exchange occurred:

> [THE GOVERNMENT]: How many burglaries did [Hutchinson] confess to doing, besides the one in Broward County before the one in Dade?
>
> OFFICER SWEENEY: Hundreds.

Sentencing Transcript at 5. Hutchinson did not object to Officer Sweeney's statement.

Later in the hearing, Hutchinson stated that he had never admitted to hundreds of auto burglaries, only "that [he] knew of hundreds going on." Id. at 8. In reference to the Broward County offense to which Officer Sweeney was prepared to attest, Hutchinson stated:

> The stuff he is talking about happened prior to May 7, 2004 and before I came in front of you, even the one that

3

I am being detained on in state court is the same thing.
This is prior to me going to a drug program. I plan to go
there and admit to it, too. I was there when it happened.
I never denied that.

Id. at 8–9.

The government argued that the district court should impose the statutory

maximum sentence of three years, see 18 U.S.C. § 3583(e)(3) (setting a maximum

sentence of three years following revocation of supervised release for a Class B

felony), instead of a sentence within the applicable sentencing guideline range of 8

to 14 months. See U.S.S.G. § 7B1.4(a) (corresponding to a Grade B violation and

criminal history category III).[2] Before imposing the sentence, the court stated:

"The crime that brought us all together originally is a very, very serious crime.

When you have that kind of assault, you have dangerous conduct coupled with

drug addiction and other crimes, the issue of public safety really comes to the

forum." Sentencing Transcript at 12. The court also said that it was "very much

concerned about the commission of additional criminal acts," that "[c]ar theft is a

serious crime," that it must "make sure public safety issues are properly

evaluated," and that "there has been a series of violations that are very, very

significant." Id. at 12–13. The court then revoked Hutchinson's supervised release

---

[2] The parties do not dispute that the maximum sentence that applies is three years or that the applicable sentencing guideline range is 8 to 14 months under § 7B1.4(a).

4

and imposed a 36 month sentence. Afterwards, the court, in reference to 18 U.S.C. § 3553(a), explained that it had considered "the need to protect the public" and "the defendant's repeated violations of the law" and that it had concluded that "a reasonable sentence needs to exceed the guidelines in this case." Id. at 15.

## II.

Hutchinson contends that the district court erred in sentencing him in excess of the advisory sentencing range. Hutchinson argues that the court based its sentence on a statement of alleged conduct—Officer Sweeney's statement that Hutchinson had confessed to "hundreds" of auto burglaries—that was not alleged in the revocation petition and that lacked evidentiary support.[3]

"We review the district court's decision to exceed the sentencing range in Chapter 7 of the Sentencing Guidelines for abuse of discretion." United States v. Dunham, 240 F.3d 1328, 1330 (11th Cir. 2001). We also review evidentiary rulings of the district court for abuse of discretion. United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005). We review unpreserved evidentiary error only

---

[3] Hutchinson does not argue that the unsworn statement by Officer Sweeney during the revocation hearing violates his due process right to confront adverse witnesses or that it violates Fed. R. Crim. P. 32.1(b)(2). See Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 1604 (1972); United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994); United States v. Penn, 721 F.2d 762, 764 (11th Cir. 1983). Accordingly, he has waived that argument. Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1308 n. 43 (11th Cir.1998) ("Claims not presented to the court of appeals are considered waived."); Cont'l Technical Servs., Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir.1991) ("An argument not made is waived.").

for plain error.  Id.  Under that standard, we may exercise our discretion to correct the error only if (1) there is error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  Id. at 1202–03; see also Fed. R. Crim. P. 52(b).

In determining a defendant's sentence following the revocation of supervised release, a district court must consider both the statutory requirements of 18 U.S.C. § 3583(e)(3) and the policy statements contained in Chapter 7 of the sentencing guidelines.  See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).  Section 3583(e)(3) authorizes a district court, after considering the factors set out in 18 U.S.C. § 3553(a), to revoke a term of supervised release and to sentence the defendant to up to three years for a Class B felony.  18 U.S.C. § 3583(e)(3).  The policy statements contained in Chapter 7 of the sentencing guidelines, including the recommended sentencing ranges of § 7B1.4, "are merely advisory and not binding."  United States v. Silva, No. 05-13568, __ F.3d __, 2006 WL 708340, at *3 (11th Cir. March 22, 2006); see also United States v. Cook, 291 F.3d 1297, 1301 (11th Cir. 2002); Aguillard, 217 F.3d at 1320 ("The court was not required to apply the § 7B1.4 recommended sentence.").

During sentencing, a district court "may consider any information, including reliable hearsay, regardless of the information's admissibility at trial, provided that

6

there are sufficient indicia of reliability to support its probable accuracy." United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990). To establish that the district court erred in considering hearsay evidence, "[t]he defendant must show '(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence.'" United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991) (quoting United States v. Reme, 738 F.2d 1156, 1167 (11th Cir. 1984)). Hutchinson must satisfy both elements of Taylor to show that the district court's consideration of Officer Sweeney's statement that Hutchinson had confessed to "hundreds" of alleged car thefts was harmful.

Even if Hutchinson could establish that Officer Sweeney's statement is unreliable and that the sentencing court relied on it to depart upward from the § 7B1.4 sentencing range, the error does not rise to the level of plain error. The record indicates that the court considered the seriousness of Hutchinson's original carjacking offense, his continued substance abuse, his repeated violations of the law (including cocaine use and the commission of two known auto burglaries while on supervised release), and the public's safety. The court also explicitly considered the § 3553(a) factors and concluded that the maximum available sentence was reasonable in this case. Based on our review of the record and the sentencing transcript, we conclude that, absent Officer Sweeney's statement that

7

Hutchinson committed "hundreds" of alleged car thefts, the district court would have imposed the same sentence. Accordingly, there is no error, plain or otherwise.

We also conclude that the district court did not abuse its discretion by sentencing Hutchinson to the statutory maximum of three years imprisonment for violating the terms of his supervised release. Based solely on the October 2004 offense in Miami Dade County that was charged in the revocation petition, the district court had an adequate basis for imposing the three year maximum. Moreover, at sentencing Hutchinson essentially admitted to the Broward County offense and, in connection with the same revocation petition, admitted to submitting a urine sample that tested positive for cocaine. All of these transgressions occurred within months of Hutchinson's release from prison. In these circumstances, we conclude that the district court did not abuse its discretion in exceeding the advisory, nonbinding sentencing range of U.S.S.G. § 7B1.4. See United States v. Hofierka, 83 F.3d 357, 362 (11th Cir. 1996) (affirming a five-year maximum statutory sentence, which was double the top end of the Chapter 7 sentencing range, where the defendant began committing drug offenses shortly after his release from prison); United States v. Thompson, 976 F.2d 1380, 1381 (11th Cir. 1992) (finding no abuse of discretion where the court imposed a two-

year maximum statutory sentence, instead of a sentence within the Chapter 7 sentencing range of 7 to 13 months, after revoking defendant's supervised release because he tested positive for cocaine use).

### III.

We must also review Hutchinson's sentence for reasonableness in light of the Supreme Court's ruling in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). For the reasons we have already discussed, we find that the district court's sentence was reasonable.

**AFFIRMED.**