[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11115
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20465-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD MCDUFFIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 30, 2013)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Todd McDuffie appeals his convictions and total 360-month sentence for carjacking, 18 U.S.C. §§ 2 and 2119(1); knowingly using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii); and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e). No reversible error has been shown; we affirm.

I.

McDuffie first argues that the prosecutor misconducted herself when she cross-examined McDuffie about -- and disputed McDuffie's recollection of -- statements he made to her during a pre-trial conversation.  Because McDuffie failed to raise this argument in the district court, we review only for plain error.[1] See United States v. Johnson, 694 F.3d 1192, 1195 (11th Cir. 2012).

McDuffie must show both that the prosecutor's comments were improper and that a reasonable probability exists that, but for the prosecutor's improper comments, the outcome of the case would have been different.  See United States

---

[1] Under plain error review, McDuffie must show that (1) an error occurred; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error "seriously affect[ed] the fairness, integrity or public reputation of the judicial proceedings." See Johnson, 694 F.3d at 1195.

2

v. Eyster, 948 F.2d 1196, 1206-07 (11th Cir. 1991).  We consider prosecutorial misconduct "in the context of the entire trial and in light of any curative instruction."  United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998).

McDuffie objects to three statements made by the prosecutor during her cross-examination of McDuffie: (1) that McDuffie told her that he was carrying a gun on the night of the carjacking; (2) that McDuffie said he knew to whom the co-perpetrator sold the guns; and (3) that McDuffie had told her that his co-perpetrator suggested the carjacking on the way to the store, not on the way back from the store.

Even if we assume -- without deciding -- that the prosecutor's statements were improper, McDuffie has shown no reasonable probability that the prosecutor's comments affected the outcome of his case.  McDuffie himself testified that he told the prosecutor that he had a gun that night.  The prosecutor's comment about the gun sale carried no obvious risk of prejudicing the jury's determination about whether McDuffie had the requisite mens rea during the carjacking itself.  And, in the light of all the evidence introduced at trial and the court's instruction to the jurors that lawyers' statements are not considered evidence, McDuffie has not shown that the prosecutor's third comment had a reasonable probability of changing the jury's verdict.

II.

McDuffie next challenges the district court's jury instructions about aiding and abetting.  McDuffie contends that the court's instructions led the jurors to believe erroneously (1) that a lesser mens rea was required to convict McDuffie of carjacking and (2) that a finding that McDuffie himself committed an act in relation to the gun was unnecessary to convict him under section 924(c).  Because McDuffie's lawyer said expressly that the defense was "in full agreement" with the court's proposed jury instructions, McDuffie has waived his right to challenge the court's instructions on appeal.  See United States v. Silvestri, 409 F.3d 1311, 1337 (11th Cir. 2005).

III.

McDuffie next argues that the district court erred under Alleyne v. United States, 133 S.Ct. 2151 (2013), when the court enhanced McDuffie's sentence absent a jury finding that McDuffie brandished a gun.  Because McDuffie made no objection to an Alleyne error at sentencing, we review only for plain error.  See United States v. McKinley, No. 12-14655, 2013 U.S. App. LEXIS 20790 at *9-10 (11th Cir. Oct. 15, 2013).

4

That the district court erred under <u>Alleyne</u> seems clear.  In <u>Alleyne</u>, the Supreme Court concluded that the question of whether a defendant brandished a weapon is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt.  <u>Alleyne</u>, 133 S.Ct. at 2162-63.  But, under plain error review, "where the evidence of a statutory element of an offense is overwhelming and essentially uncontroverted, there is no basis for concluding [that an <u>Alleyne</u>] error seriously affected the fairness, integrity, or public reputation of the judicial proceedings."  <u>McKinley</u>, No. 12-14655, at *14 (citing <u>United States v. Cotton</u>, 122 S.Ct. 1781, 1786 (2002)).

Here, "overwhelming and essentially uncontroverted" evidence exists that McDuffie is criminally responsible for brandishing the gun during the carjacking.  Although the two carjacking victims testified inconsistently about whether McDuffie brandished a gun personally, the evidence shows clearly that McDuffie's co-perpetrator brandished a gun.  As an aider and abettor, McDuffie is responsible for his co-perpetrator's conduct in its entirety.  <u>See United States v. Williams</u>, 334 F.3d 1228, 1232-33 (11th Cir. 2003) (concluding that a defendant who aided and abetted a bank robbery could receive an enhanced sentence under section 924(c)(1) based on his co-perpetrator's use of an assault rifle).  McDuffie has not satisfied the fourth element of our plain error analysis; we see no reversible error.

5

IV.

McDuffie next argues that the district court erred in sentencing him as an armed career offender. McDuffie specifically contends that the district court misapplied the modified categorical approach when it determined that his Florida conviction for aggravated battery on a pregnant woman, in violation of Fla. Stat. § 784.045, qualified as a "violent felony" under the Armed Career Criminal Act ("ACCA").

We review de novo whether a conviction is a violent felony under the ACCA. United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006).

McDuffie argues correctly that his Florida conviction is not categorically a violent felony. See United States v. Diaz-Calderone, 716 F.3d 1345, 1347 (11th Cir. 2013). Because section 784.045 has, as an element -- the commission of battery -- and because battery under Florida law is divisible,[2] we must use the modified categorical approach to determine whether McDuffie's conviction constitutes a violent felony. For background, see Descamps v. United States, 133 S.Ct. 2276, 2283-85 (2013), and Johnson v. United States, 130 S.Ct. 1265, 1269 (2010).

---

[2] Under Fla. Stat. § 784.03, a person may commit a battery by engaging in three distinct acts: (1) intentionally touching, (2) intentionally striking, or (3) intentionally causing bodily harm. State v. Hearns, 961 So.2d 211, 218 (Fla. 2007).

6

Under the modified categorical approach, we may consider the underlying charging document to determine which portion of Florida's battery statute McDuffie violated. See Shepard v. United States, 125 S.Ct. 1254, 1263 (2005). We use the information in the charging document to determine only "which statutory phrase was the basis for the conviction," not to determine what, in fact, happened for the offense. Descamps, 133 S.Ct. at 2284-85. We consider the language of the charging document as a whole in resolving what portion of the statute underlies the conviction. See United States v. Rainer, 616 F.3d 1212, 1216 (11th Cir. 2010) (reasoning that, although state law defined the term "building" to include structures, vehicles, aircraft and watercraft, the factual descriptions of the buildings in the charging documents indicated that defendant was convicted of burglarizing two structures and, thus, had been convicted of "burglary" for purposes of the ACCA).

Here, the charging document charged McDuffie with "actually and intentionally touching or striking" the victim, and the document specifically added that he did so by "punching" the pregnant victim "in the stomach." McDuffie pleaded guilty.

McDuffie argues that he was charged with "touching or striking" the victim; so, he says he was not necessarily charged with a violent offense. Although the isolated phrase "touching or striking" might create some ambiguity, we must

consider the language of the charging document as a whole.  That the charging document set out expressly that McDuffie punched the victim in the stomach tells us that McDuffie's conviction was for the "striking" -- not merely the "touching" -- portion of Florida's battery statute: to punch = to strike.

We have already determined that a violation of the "striking" portion of Florida's battery statute constitutes a crime of violence for purposes of the sentencing guidelines.  See Diaz-Calderone, 716 F.3d at 1351.  Because the definition of "crime of violence" under the Guidelines is analogous to the definition of "violent felony" under the ACCA, it follows that the district court sentenced McDuffie correctly as an armed career offender under the ACCA.  See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

AFFIRMED.[3]

---

[3] On appeal, McDuffie also contends that the district court violated Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), by sentencing him based on a felony conviction that was never proved to the jury.  McDuffie's argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), which remains binding precedent.  See Alleyne, 133 S.Ct. at 2160 n.1; United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir. 2006).

We also reject McDuffie's challenges to the constitutionality of 18 U.S.C. §§ 922(g) and 2119 as foreclosed by our precedent.  See United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001) (addressing the constitutionality of section 922(g)); United States v. Hutchinson, 75 F.3d 626, 627 (11th Cir. 1996) (addressing the constitutionality of section 2119).