United States Court of Appeals,

Eleventh Circuit.

No. 96-3450

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

James Wiley NICHOLS, Defendant-Appellant.

Oct. 15, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 1:96-CR-12-MMP), Maurive M. Paul, Judge.

Before HATCHETT, Chief Judge, EDMONDSON, Circuit Judge, and CLARK, Senior Circuit Judge.

PER CURIAM:

This is an appeal from defendant-appellant James Wiley Nichols' conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, Nichols raises four issues: whether the district court erred in accepting his guilty plea, whether this sentence was improperly enhanced, whether the district court erred in sentencing him to consecutive terms of imprisonment, and whether § 922(g)(1) is unconstitutional. We reject these claims and affirm.

Although the issue of whether a district court must advise a defendant during a guilty plea of his right to testify is one of first impression in this circuit, it appears that Nichols' rights were protected. The district court complied with the dictates of Fed.R.Crim.P. 11(c)(3). It advised Nichols that he had the right "to a trial by jury ... to compel the attendance of witnesses, and to have those witnesses present to testify in your behalf at any trial" and that, by pleading guilty, he waived "any defense whatsoever" that he might have. These questions logically advised Nichols that, by pleading guilty, he could not testify in his own defense.

Because Nichols possessed the firearm during escape status, and admitted that he possessed it to facilitate living in the wild during his escape, the district court's determination that he possessed a firearm in connection with his escape was not clearly erroneous. It also appears that the district

court did not plainly err in determining that Nichols merited consecutive sentences for his crimes as the record reflects that the court considered the appropriate factors enumerated in 18 U.S.C. § 3553(a).

Finally, Title 18 § 922(g)(1) makes it illegal for a felon to "possess in or affecting commerce, any firearm or ammunition." Although the issue of whether the statute is unconstitutional because the term "commerce" is not defined as "interstate or foreign commerce" is one of first impression in this circuit, the Supreme Court has held that the phrase "in or affecting commerce" indicates a Congressional intent to assert its full Commerce Clause power.[1] Further, this court has held that " § 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause...."[2]

Nichols' conviction and sentence are, therefore, AFFIRMED.

---

[1]*Scarborough v. United States,* 431 U.S. 563, 571, 97 S.Ct. 1963, 1967, 52 L.Ed.2d 582 (1977).

[2]*United States v. McAllister,* 77 F.3d 387, 389 (11th Cir.1996); *United States v. Chisholm,* 105 F.3d 1357, 1358 (11th Cir.1997) (holding that *McAllister* remains binding precedent).