[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2005
THOMAS K. KAHN
CLERK

No. 04-16229
Non-Argument Calendar

_____

D. C. Docket No. 04-00298-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE ANTOINE MARION,
a.k.a. Clayton Otis Marion,
a.k.a. Jermain Powell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 20, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Maurice Antoine Marion appeals his conviction and sentence imposed for possession of a firearm by a convicted felon, in violation of 18 U.S.C. section 922(g). Marion makes two arguments on appeal. Marion argues, for the first time on appeal, that, in enacting 18 U.S.C. section 922(g), Congress exceeded its power under the Commerce Clause. Second, Marion argues that, under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), the district court erred when it enhanced his base offense level, under a mandatory guidelines scheme, based upon a determination by the district court that Marion possessed a firearm in connection with another felony offense. Because section 922(g) is constitutional, we affirm Marion's conviction. We vacate Marion's sentence and remand this case to the district court because the error in sentencing Marion was not harmless beyond a reasonable doubt.

## I. BACKGROUND

On May 21, 2004, Marion was arrested while riding a bicycle after police responded to a complaint of armed burglary and aggravated battery with a weapon. A .38 caliber handgun was found in the front pocket of Marion's pants. Marion, who had two felony convictions, was charged with being a felon in possession of a weapon in violation of 18. U.S.C. section 922(g). Marion pleaded guilty.

At sentencing, the district court added four levels to the base offense level

because it found that Marion possessed the firearm in connection with another felony offense, specifically armed burglary and aggravated assault. Marion objection to the enhancement on the basis of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). The district court overruled Marion's objection to the enhancement and to the application of the Sentencing Guidelines and sentenced Marion to 51 months' imprisonment.

## II. STANDARD OF REVIEW

"[A] constitutional objection that is timely, . . . receives the benefit of preserved error review." United States v. Candelario, 240 F.3d 1300, 1305 (11th Cir. 2001). Where an error was preserved below, we review the case de novo and, "if error is found, it is generally subject to the harmless error analysis of Fed.R.Crim.P. 52(a)." Id. at 1303 n.3. Rule 52(a) provides that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a).

## III. DISCUSSION

Because we have consistently upheld the constitutionality of section 922(g) under the Commerce Clause, see, e.g., United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004), and United States v. Nichols, 124 F.3d 1265, 1266 (1997), we discuss only Marion's argument of an error in sentencing.

There are two types of error under Booker: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory guidelines system. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). There are also two harmless error standards. "One of them applies to Booker constitutional errors, the other to Booker statutory errors." Id. Booker constitutional error is harmless when the government can show, beyond a reasonable doubt, that error did not contribute to the ultimate sentence. Booker statutory error, however, is subject to a less demanding test. Id. A non-constitutional error is harmless if, viewing the proceedings in their entirety, the error did not affect the sentence or had only a "very slight effect." Id. at 1292. If the sentence was not "substantially swayed" by the error, then the sentence is due to be affirmed in spite of the error. Id. at 2329.

The district court erred when it enhanced Marion's sentence under a mandatory guidelines system. See Shelton, 400 F.3d at 1330-31. Because the error was constitutional error, we must vacate Marion's sentence unless the government can show, beyond a reasonable doubt, that the error did not contribute to the ultimate sentence. The government cannot meet its burden.

The district court sentenced Marion in the middle of the guideline range.

4

The record is ambiguous as to what sentence the district court would have imposed had it applied the guidelines in an advisory manner. The government, therefore, cannot show that the error in sentencing was harmless beyond a reasonable doubt.

## IV. CONCLUSION

Because the error in sentencing Marion was not harmless, Marion's sentence is

**VACATED AND REMANDED.**