[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2009
THOMAS K. KAHN
CLERK

No. 07-15764

_____

D. C. Docket No. 06-00064-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

LUTHER WAYNE SMITH,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 20, 2009)

Before BARKETT, PRYOR and FARRIS,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Luther Wayne Smith appeals his conviction and sentence for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g), 924(e). Smith received an enhanced sentence of 200 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in light of his previous convictions.

Smith presents two arguments regarding his conviction. First, he claims that § 922(g) is facially invalid. Alternatively, he argues that there was insufficient evidence to support the jury's finding that the gun he possessed had a connection to interstate commerce.

Regarding sentencing, he contends that the court erred by enhancing his sentence despite the fact that his prior convictions were not proven beyond a reasonable doubt to the jury. He also asserts that the court erred by finding that he was subject to ACCA, arguing that his previous conviction for fleeing or attempting to elude police officers in violation of Fla. Stat. § 316.1935(2) (1999) is not a violent felony.

Smith's argument regarding the facial validity of § 922(g) is foreclosed by our prior precedent, as he acknowledges. See United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997) (rejecting the argument that § 922(g)(1) was unconstitutional because the term "commerce" was not defined as "interstate or foreign commerce" and holding that "the phrase 'in or affecting commerce'

2

indicates a Congressional intent to assert its full Commerce Clause power");

United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996) (rejecting the

argument that, pursuant to United States v. Lopez, 514 U.S. 549 (1995), §

922(g)(1) exceeds Congress's commerce clause power and finding that Lopez did

not heighten the pre-existing "minimal nexus" standard).

His argument regarding the insufficiency of the evidence is also foreclosed

by United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001) (noting that §

922(g) requires only a "minimal nexus to interstate commerce" and finding as

sufficient evidence the fact that the defendant had been arrested in Georgia but in

possession of a gun manufactured in California).

With regard to sentencing, his claim that the State failed to prove his

previous convictions beyond a reasonable doubt is foreclosed by United States v.

Gibson, 434 F.3d 1234, 1249 (11th Cir. 2006) ("[T]he Fifth and Sixth Amendment

concerns expressed in Apprendi, Blakely and Booker are not implicated when a

defendant's sentence is enhanced based on his prior convictions. . . . The

Constitution [does] not require that [the defendant] stipulate to his prior

convictions before the district court could enhance his sentence.").

However, in regards to his final argument regarding the inapplicability of the

ACCA, this court has recently ruled that § 316.1935(2) is not a "violent felony" as

understood by ACCA.  <u>United States v. Harrison</u>, --- F.3d ---, 2009 WL 395237 (11th Cir. 2009).  Accordingly, we affirm the conviction but vacate his sentence and remand for re-sentencing without the ACCA enhancement.

**CONVICTION AFFIRMED; SENTENCE REVERSED AND REMANDED**