[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 17, 2009
THOMAS K. KAHN
CLERK

No. 09-11629
Non-Argument Calendar

_____

D. C. Docket No. 08-00095-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE LAMAR MCCAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Terrence Lamar McCain appeals his 190-month sentence, imposed

following his guilty plea for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On appeal, McCain raises two challenges to his sentence.

McCain first alleges that his sentence violates the Sixth Amendment because his maximum sentence was increased pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), ("ACCA"), based on prior convictions that were not proven to a jury beyond a reasonable doubt or admitted by him during his plea hearing. Because McCain raises this constitutional argument for the first time on appeal, our review is for plain error only. See United States v. Evans, 478 F.3d 1332, 1338 (11th Cir. 2007).[1]

Both Supreme Court and this circuit's precedent foreclose McCain's arguments. The Supreme Court has held that neither the Constitution nor any statute is violated when a prior offense, not charged in the indictment, is used to increase a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998). We have applied Almendarez-Torres in holding that a district court does not violate the Sixth Amendment when a statutory maximum sentence is increased based upon judicial findings of prior convictions that were never proved to a jury

---

[1] To satisfy this standard, an error must have occurred, that was plain, that affected substantial rights, and that "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007) (internal brackets omitted).

beyond a reasonable doubt or affirmatively admitted by the defendant in his plea hearing. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Moreover, we have held that neither Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), nor United States v. Booker, 543 U.S. 220 (2005) disturbed the Supreme Court's holding in Almendarez-Torres. Id. Although various justices of the Supreme Court have questioned the soundness of Almendarez-Torres in subsequent decisions, until it is expressly overruled, we are bound to follow it. See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

Because McCain's prior convictions were used only during sentencing to increase his statutory maximum sentence, his Sixth Amendment rights were not violated. Thus, there was no error, plain or otherwise.

McCain also claims that the statute he was convicted under, 18 U.S.C. § 922(g), is unconstitutional on its face and because it exceeds Congress's Commerce Clause power. McCain also raises this constitutional argument for the first time on appeal, thus, our review is for plain error only. See Evans, 478 F.3d at 1338.

We have held that 18 U.S.C. § 922(g) is not facially invalid because the term "commerce" is not defined as "interstate or foreign." See United States v. Nichols,

124 F.3d 1265, 1266 (11th Cir. 1997).  We have also held that § 922(g) does not exceed Congress's Commerce Clause power, and that <u>United States v. Lopez</u>, 514 U.S. 549 (1995) does not suggest "that the 'minimum nexus' test should be changed."  <u>See</u> <u>United States v. McAllister</u>, 77 F.3d 387, 389-390 (11th Cir. 1996). Because McCain's Commerce Clause challenges to § 922(g) are foreclosed by our decisions in <u>Nichols</u> and <u>McAllister</u>, we conclude the district court did not plainly err by sentencing McCain under § 922(g).

**AFFIRMED.**