[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14142
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20246-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERBERT BROWN,
a.k.a. Peanut,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Herbert Brown appeals his conviction and sentence, imposed after he

pleaded guilty to being a felon in possession of a firearm and ammunition that affected interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Brown argues that: (1) the district court erred in sentencing him as an armed career criminal, after finding that burglary under Florida law is a violent felony, pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); (2) the district court violated his Fifth and Sixth Amendment rights because it considered prior convictions that were not charged in the indictment or found by a jury when sentencing him; and (3) Congress exceeded its Commerce Clause power by enacting 18 U.S.C. § 922(g) because the statute does not explicitly mention "interstate or foreign commerce." We affirm.

Pursuant to a written plea agreement, Brown pleaded guilty to possession of a firearm and ammunition by a convicted felon and conceded that he was subject to a mandatory fifteen-year minimum sentence under the ACCA, 18 U.S.C. § 924(e). In the presentence investigation report ("PSI"), the probation officer identified the qualifying prior felonies as burglary of an unoccupied dwelling, burglary of an occupied dwelling, burglary of a structure/conveyance, and aggravated assault with a deadly weapon. Brown's guidelines range was 262 to 327 months' imprisonment.

Brown objected to his classification as an armed career criminal and the

identification of his conviction for burglary of a structure as an predicate offense for purposes of the ACCA. Because he did not file these objections until three days before sentencing, however, the court deemed them untimely and declined to consider them on the merits.

After considering the sentencing factors in 18 U.S.C. § 3553(a), and noting Brown's lengthy criminal history, the court sentenced Brown to the mandatory fifteen-year minimum under § 924(e)(1), which was significantly below the guidelines range. Brown now appeals.

I. ACCA Classification

Brown argues that he should not have been classified as an armed career criminal because burglary of an unoccupied structure should not qualify as a violent felony under 18 U.S.C. § 924(e)(1). He concedes that the law would need to "evolve[] in his favor" for this argument to succeed. He points out that the Florida burglary statute under which he was convicted expressly "rules out any violence to a person."

We consider *de novo* whether a particular conviction is a "violent felony" for purposes of the ACCA. *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002). Under the ACCA, a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a "violent felony," a serious drug offense, or both, is

3

an armed career criminal and subject to imprisonment for a period of not less than 15 years. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Id.* § 924(e)(2)(B).

To determine whether a crime constitutes a violent felony, a court must follow a categorical approach in which it looks "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). It should be noted at the outset that, although Brown refers to the felony at issue as "burglary of an unoccupied structure," the PSI lists that particular case as a conviction for "burglary of a structure/conveyance." That conviction was the only predicate conviction that Brown attempted to challenge.

Regardless of whether Brown's 1988 burglary conviction constitutes a predicate felony under the ACCA, the district court did not err in sentencing Brown as an armed career criminal. Brown had four prior violent felony convictions, and the ACCA only requires that a defendant have three prior violent

4

felonies to be sentenced as an armed career criminal. *See* 18 U.S.C. § 924(e). On appeal, Brown does not dispute that the other three convictions are predicate felonies. Thus, the district court properly sentenced him as an armed career criminal.

## II. Violation of Fifth and Sixth Amendment Rights

Brown argues that the district court violated the Fifth and Sixth Amendments to the Constitution by sentencing him above his statutory maximum sentence for the indicted § 922(g) offense based on facts about his prior convictions that were not charged in the indictment or found by a jury. He concedes that his arguments are subject to plain error review, and that they are "arguably contrary" to our precedent but he seeks preservation of the issue for further review.

Brown failed to object to the court's consideration of his prior convictions when sentencing him. When a party fails to raise an issue before the lower court, we review the issue for plain error. *United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002). Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *Id.* "[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial

5

guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000).

Brown did not object to the PSI's characterization of three of his predicate convictions as a "violent felony," and thus, he admits to that characterization. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (failure to raise objections to matters contained in the PSI constitutes an admission of these facts). Moreover, we have held that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *Id.* at 1329. Thus, because these statements are admitted as true, contrary to Brown's assertion, a jury did not need to find these facts. *See id.* at 1329-30. Moreover, as Brown acknowledges, the Supreme Court's binding precedent forecloses this argument. *See Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998) (holding that, when recidivism is considered as a sentencing factor, as in the ACCA, it is not an offense element). Thus, there was no error, plain or otherwise.

III. Commerce Clause

Brown argues that 18 U.S.C. § 922(g) is unconstitutional on its face and as applied. He acknowledges that we have previously rejected constitutional challenges to § 922(g).

We review *de novo* issues of constitutional law. *United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009). As Brown concedes, we have upheld the constitutionality of § 922(g). *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997); *United States v. McAllister*, 77 F.3d 387, 389 (11th Cir. 1996).

Brown also contends that § 922(g) is unconstitutional as applied to him because his possession of a firearm and ammunition did not substantially affect interstate commerce. Section 922(g) only requires that the government prove some "minimal nexus" to interstate commerce, which it may accomplish by "demonstrat[ing] that the firearm possessed traveled in interstate commerce." *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001). Here, Brown admitted during the plea colloquy that the firearms involved were manufactured outside the state of Florida, the state in which the offense took place. This admission is sufficient to satisfy the "minimal nexus" requirement. *See Scott*, 263 F.3d at 1274.

For the foregoing reasons, Brown's challenge to his conviction and sentence

is

**AFFIRMED.**