[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 13, 2012
JOHN LEY
CLERK

No. 11-13412
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80027-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY MORRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 13, 2012)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Jimmy Morris appeals from his conviction for being a convicted

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal,

Morris argues that his conviction under § 922(g) is unconstitutional both facially and as-applied because the possession of a firearm by a convicted felon does not substantially affect interstate commerce, and because his own possession did not substantially affect interstate commerce. Specifically, Morris argues that § 922(g)'s phrase "in or affecting commerce" does not limit the definition of commerce to "interstate or foreign commerce," and that § 922(g) does not require that the possession of the firearm by a convicted felon "substantially" affect interstate commerce. The government argues that Morris waived his challenge to the constitutionality of § 922(g) by pleading guilty, and that his challenge is otherwise foreclosed by our precedent.

Although we generally review challenges to the constitutionality of a statute *de novo*, we review for plain error where, as here, the challenge is raised for the first time on appeal. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted). "A plain error is an error that is obvious and is clear under current law." *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (internal quotation marks omitted).

A guilty plea generally waives all non-jurisdictional challenges to a conviction. *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008). Issues not raised in an appellant's initial brief are deemed abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

In *Scarborough v. United States*, 431 U.S. 563, 97 S. Ct. 1963, 52 L. Ed. 2d 582 (1977), the Supreme Court examined a former statute, 18 U.S.C. § 1202(a), that prohibited convicted felons from possessing firearms in or affecting commerce, and held that proof that the possessed firearm previously had traveled in interstate commerce was sufficient to satisfy the required "minimal nexus" between the convicted felon's possession and commerce. *Id*. at 564, 577-78, 97 S. Ct. at 1964, 1970. In *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995), the Supreme Court considered whether a federal statute banning the possession of firearms in school zones exceeded Congress's authority to regulate interstate commerce. *Id*. at 551, 115 S. Ct. at 1626. Noting that Congress's commerce power included the power to regulate activities that had a substantial effect on interstate commerce, and that the statute at issue contained no jurisdictional element to "ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce," the Supreme Court held that the statute exceeded Congress's Commerce Clause authority. *Id*. at 558-59, 561,

567-68, 115 S. Ct. at 1629-31, 1634.  The Supreme Court contrasted the statute at issue in *Lopez* with the former 18 U.S.C. § 1202(a), noting that, unlike the statute at issue in *Lopez*, § 1202(a) had an express jurisdictional element limiting its reach to firearm possessions that had an explicit nexus with interstate commerce.  *Id*. at 561-62, 115 S.Ct. at 1631.  Finally, in *United States v. Morrison*, 529 U.S. 598, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000), the Supreme Court held that Congress lacked the authority to regulate "noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce."  *Id*. at 617, 120 S. Ct. at 1754.  The Court noted that the statute at issue, like the statute at issue in *Lopez*, contained "no jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce."  *Id*. at 613, 129 S. Ct. at 1751.

We previously have rejected an appellant's claim that, in light of *Lopez*, § 922(g)(1) was unconstitutional because it exceeded Congress's Commerce Clause power.  *United States v. McAllister*, 77 F.3d 387, 388 (11th Cir. 1996).  We held that the "jurisdictional element" in § 922(g), requiring that the felon's possession of any firearm or ammunition be "in or affecting commerce," distinguished § 922(g) from the statute at issue in *Lopez* and defeated the appellant's facial challenge to its constitutionality.  *Id*. at 389-90.  We also

4

rejected the appellant's argument that the statute was unconstitutional as applied to him because *Lopez* had abrogated the "minimal nexus" requirement that the Supreme Court had established in *Scarborough*. *Id*. at 390. Noting that "[n]othing in *Lopez* suggests that the 'minimal nexus' test should be changed," we held that the statute applied to the appellant because the government had demonstrated that the firearm he had possessed previously had traveled in interstate commerce. *Id*.

Subsequently, we rejected another appellant's argument that our reasoning in *McAllister* had been abrogated by the Supreme Court's decision in *Morrison*. *See United States v. Scott*, 263 F.3d 1270 (11th Cir. 2001). We held that, even after *Morrison*, the jurisdictional element of § 922(g)(1) continued to immunize the statute from facial constitutional attack. *Scott*, 263 F.3d at 1273. Finally, we have rejected the argument that § 922(g)(1) is constitutionally invalid because the term "commerce" is not defined as "interstate or foreign commerce." *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997). We held that "the phrase 'in or affecting commerce' indicates a Congressional intent to assert its full Commerce Clause power." *Id*.

We conclude that Morris's claim is not barred by his guilty plea because it necessarily implicates the district court's subject-matter jurisdiction. If, as Morris

claims, § 922(g)(1) is unconstitutional, either facially or as applied in his case, then the district court would lack jurisdiction to convict and sentence him for violating that statute. However, because Morris's challenges to the constitutionality of § 922(g)(1) are foreclosed by our precedent, he has not shown any error, much less plain error, with respect to his conviction.

Accordingly, we affirm Morris's conviction.

**AFFIRMED.**