[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15258
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20184-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE ANTONIO COREY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 4, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, George Corey pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Because he had three prior convictions qualifying under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the statutory minimum sentence Corey could receive was 15-years' imprisonment, so the District Court sentenced him to prison for a 15-years' term.  He appeals his sentence, arguing (1) that § 922(g)(1) is unconstitutional both on its face and as applied to him because it exceeds Congress' authority under the Commerce Clause; (2) that his Fifth and Sixth Amendment rights were violated because he was sentenced to a term above the statutory maximum sentence based on prior convictions not alleged in his indictment or proven beyond a reasonable doubt; and (3) that the residual clause in § 924(e) is unconstitutionally vague.  After careful review of the parties' briefs, we affirm Corey's conviction and sentence.

## I.

Corey argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him because it exceeds Congress' authority under the Commerce Clause.  We review *de novo* the constitutionality of a statute.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  Section § 922(g)(1) makes it unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any

firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). We have repeatedly upheld § 922(g)(1) against facial attacks as a constitutional exercise of Congress' power under the Commerce Clause. *See United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001) (holding that "the jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack"); *see also United States v. Dupree*, 258 F.3d 1258, 1259-60 (11th Cir. 2001); *United States v. Nichols*, 124 F.3d 1265, 1266 (11th Cir. 1997); *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996).

We have also upheld § 922(g)(1) against as-applied challenges, where the Government has shown a "minimal nexus" between the firearm and interstate commerce. *McAllister*, 77 F.3d at 390. A showing that the firearm was manufactured in one state and traveled in interstate commerce to another state satisfies the "minimal nexus" test. *Scott*, 263 F.3d at 1274.

As Corey readily concedes in his appellate brief, his facial challenge to § 922(g)(1) is foreclosed by our precedent upholding § 922(g) under similar facial attacks. His as-applied challenge to § 922(g) is also unavailing. At the plea colloquy, he admitted that the firearm was manufactured outside of Florida and thus traveled in and affected interstate commerce. As such, this was sufficient to

3

show a "minimal nexus" between the firearm and its connection to interstate commerce.

## II.

Corey argues that his Fifth and Sixth Amendment rights were violated because he was sentenced above the statutory maximum sentence based on prior convictions not alleged in the indictment or proven beyond a reasonable doubt. His argument is foreclosed by *Almendarez-Torres v. United States*, in which the Supreme Court held that, for sentencing enhancement purposes, a defendant's prior conviction does not have to be alleged in the indictment or submitted to a jury and proved beyond a reasonable doubt. 523 U.S. 224, 226-27, 239-40, 118 S.Ct.1219, 1222, 1228-29, 140 L.Ed.2d 350 (1998).

## III.

Corey argues that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Under § 924(e), a person who violates § 922(g)(1) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" will be subject to a mandatory minimum sentence of 15-years' imprisonment. 18 U.S.C. § 924(e). The residual clause of § 924(e)(2)(B)(ii) defines a violent felony as any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

4

In *James v. United States*, the Supreme Court rejected the argument "that the [ACCA's] residual provision is unconstitutionally vague." 550 U.S. 192, 210 n.6, 127 S.Ct. 1586, 1598 n.6, 167 L.Ed.2d 532 (2007). The Court stated that "[t]he statutory requirement that an unenumerated crime 'otherwise involve conduct that presents a serious potential risk of physical injury to another' is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits." *Id.*, 550 U.S. at 210 n.6, 127 S.Ct. at 1598 n.6. (brackets omitted). In *Sykes v. United States*, the Supreme Court noted that the residual clause "states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law. Although this approach may at times be more difficult for courts to implement, it is within congressional power to enact." __ U.S. __, __, 131 S.Ct. 2267, 2277, 180 L.Ed.2d 60 (2011) (citation and quotation omitted). The holdings in *James* and *Sykes* foreclose Corey's vagueness challenge. *See United States v. Chitwood*, 676 F.3d 971, 978 n.3 (11th Cir. 2012), *cert. denied*, __ U.S. __, 133 S.Ct. 288, 184 L.Ed.2d 169 (2012) (stating that the position taken by the Supreme Court in *Sykes* appears to foreclose lower courts from concluding that the residual clause is unconstitutionally vague).

AFFIRMED.