[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13472
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00516-SCB-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIOUS D. MCDANIELS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 11, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Darious D. McDaniels appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He argues that § 922(g), which makes it illegal for certain persons to "possess in or affecting commerce, any firearm or ammunition," violates the Commerce Clause on its face because it does not define "commerce" as "interstate or foreign commerce."  Alternatively, he argues that, under the Supreme Court's decision in United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), the Commerce Clause requires a "substantial nexus," not a "minimal nexus," between firearm possession and commerce to support federal jurisdiction.  In the event that we disagree with him and affirm his conviction, McDaniels seeks a remand for the limited purpose of correcting clerical errors in his Presentence Investigation Report and in the district court's judgment.

## I.

Ordinarily, we review de novo the constitutionality of a statute.  See United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010).  But because McDaniels did not object to the constitutionality of § 922(g) before the district court, our review is only for plain error.  See id.  To prevail under plain error review, McDaniels must show:  "(1) error, (2) that is plain, and (3) that affects substantial rights."  United States v. Smith, 459 F.3d 1276, 1283 (11th Cir. 2006) (quotation marks omitted).  If McDaniels makes these showings, we may then exercise our discretion to correct

2

the error, but only if it seriously "affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

McDaniels' challenge to the constitutionality of § 922(g) doesn't make it out of the gate. As he concedes in his brief, this Court has already rejected each of his Commerce Clause arguments. See United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997) (rejecting the argument that § 922(g) is unconstitutional on its face because it does not define "commerce" as "interstate or foreign commerce"); United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996) (rejecting the argument that the Supreme Court's decision in Lopez rendered constitutionally suspect the current "minimal nexus" test for federal jurisdiction). And we are bound by those decisions until the Supreme Court or this Court sitting en banc overrules them. See Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998). Thus, McDaniels fails to show error, plain or otherwise, with respect to his conviction.

## II.

Having affirmed McDaniels' conviction, we now turn to the clerical errors that he has identified in his PSR and in the district court's judgment. Both documents contain the same error: they state that, for his conviction under 18 U.S.C. § 922(g)(1), the applicable penalty provision is 18 U.S.C. § 924(e), as opposed to 18 U.S.C. § 924(a)(2). See PSR ¶ 70; Judgment [DE 47: 1].

3

McDaniels seeks a remand for the limited purpose of correcting those errors. The government does not oppose a remand for that purpose, but it asks us to order the district court to correct some additional clerical errors in McDaniels' PSR and in the court's judgment. Specifically, it asks that the PSR reflect (1) that McDaniels was charged and convicted of possession of a firearm and ammunition by a convicted felon, as opposed to possession of a firearm only, see PSR at 1, ¶ 2; and (2) that McDaniels' advisory guidelines range was 100 to 120 months imprisonment pursuant to United States Sentencing Guidelines § 5G1.1(c)(1), as opposed to § 5G1.1(a), see id. ¶ 71. The government also asks that the judgment reflect that McDaniels pleaded guilty to possession of a firearm and ammunition by a convicted felon. See Indictment [DE 1: 1–2] (charging McDaniels in count 1 with possession of a firearm and ammunition by a convicted felon); Acceptance of Plea of Guilty & Adjudication of Guilt [DE 29: 1] (adjudicating McDaniels guilty as to count 1).

"[I]t is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment." United States v. Massey, 443 F.3d 814, 822 (11th Cir. 2006) (quotations marks omitted). But sometimes that fundamental error is simply a clerical one. Where that is the case, "[w]e may remand with instructions to

correct [the] clerical error in the judgment." United States v. James, 642 F.3d 1333, 1343 (11th Cir. 2011).

Because the judgment incorrectly states that (1) McDaniels was convicted of possession of a firearm by a convicted felon, as opposed to possession of both a firearm and ammunition, and that (2) he was convicted under 18 U.S.C. §§ 922(g)(1) and 924(e), as opposed to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), we remand for the limited purpose of correcting those clerical errors. We leave it up to the district judge to decide whether to correct the clerical errors in McDaniels' PSR. See Fed. R. Crim. P. 36 (providing that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission").

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**