[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14551
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cr-00273-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS PORTER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 3, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Thomas Porter appeals his conviction for possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is unconstitutional, facially and as applied, because it exceeds Congress's power under the Commerce Clause. *See* U.S. Const. art. I., § 8, cl. 3. Porter acknowledges that this argument is currently foreclosed by this Circuit's precedent but preserves it for further review. Because Porter's argument is foreclosed by precedent, we affirm his conviction.

## I.    BACKGROUND

A federal grand jury indicted Porter for possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Porter and the government jointly moved for a bench trial on stipulated facts. The parties stipulated that Florida law enforcement discovered a firearm on Porter's person during a search of his home performed under the terms of his probation. The parties also stipulated that: (1) Porter, having been previously convicted of felonies punishable by imprisonment for more than one year, knowingly possessed a firearm; and (2) the firearm was manufactured in Austria and therefore had traveled in foreign commerce. The district court found Porter guilty, and the instant appeal followed.

## II.    STANDARD OF REVIEW

Generally, we review *de novo* constitutional challenges to statutes. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, we review Porter's

2

constitutional challenge to § 922(g) for plain error because he raises it for the first time on appeal.  *Id.*  "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the "fairness, integrity, or public reputation of judicial proceedings."  *Id.*  Under the prior precedent rule, we must "follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court."  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (internal quotation marks omitted).

## III.    DISCUSSION

Porter argues that § 922(g)(1) is facially unconstitutional because it exceeds Congress's authority under the Commerce Clause.  *See* U.S. Const. art. I, § 8, cl. 3. As pertinent here, Congress's commerce power applies to activities that substantially affect interstate commerce.  *United States v. Lopez*, 514 U.S. 549, 559 (1995).  This Court has held that § 922(g) is constitutional where the government proves a "minimal nexus" to interstate commerce, which it may do by demonstrating that the firearm traveled in interstate commerce.  *Wright*, 607 F.3d at 716.  Porter argues that *Wright*'s "minimal nexus" standard is unconstitutional because it is well below *Lopez*'s "substantially affect[s]" standard.  *Id.*; *Lopez*, 514 U.S. at 559.  Porter also argues that § 922(g)(1) was unconstitutional as applied to him because the district court did not find that his offense substantially affected

3

interstate commerce.  Porter did not admit that his offense substantially affected interstate commerce, and the government provided no evidence beyond the stipulated facts.

We find no error, much less plain error, in this case because this Court has repeatedly upheld § 922(g)(1) as a constitutional exercise of Congress's Commerce Clause power.  *See Wright,* 607 F.3d at 716 (citing *United States v. Nichols,* 124 F.3d 1265 (11th Cir. 1997), and *United States v. McAllister,* 77 F.3d 387 (11th Cir. 1996)).  Porter acknowledges this precedent and maintains the argument for purposes of further review.  Under the prior precedent rule, Porter's constitutional argument fails.  *Vega-Castillo*, 540 F.3d at 1236.[1]  And the district court did not err in finding a minimal nexus between the firearm and interstate commerce because the parties stipulated that the firearm was made in Austria and was recovered in Florida.  *Wright*, 607 F.3d at 716.

## IV.    CONCLUSION

For the foregoing reasons, we affirm Porter's conviction.

**AFFIRMED.**

---

[1] Porter also argued in his opening brief that the indictment improperly omitted a critical element of the offense—that Porter knew he was a convicted felon at the time of the possession. He expressly abandoned  this argument in his reply brief, however, stating that he "is no longer pursuing [this argument] for purposes of his direct appeal."  Reply Br. of Appellant at 5.

4