[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12353
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cr-00013-MW-MAF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 9, 2021)

Before MARTIN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Willie Powell appeals his conviction for possessing a firearm and ammunition as a felon under 18 U.S.C. section 922(g)(1), arguing that section 922(g) is unconstitutional, facially and as applied to him, because it violates the Commerce Clause. We affirm because, as Powell concedes, his argument is foreclosed by our binding precedent.

Powell was stopped by police for driving over the speed limit. Because Powell did not have a valid license, he was arrested. While Officer Mitch Outlaw arrested Powell, Officer Robert Amos looked into the car and saw loose marijuana on the passenger seat. The officers then searched the car and found "zip-style baggies, three of which contained a white powdery crystal-type substance," marijuana in a glass jar, and a backpack that contained a loaded firearm, a laptop, and drug paraphernalia. The firearm was manufactured in Georgia and its ammunition was manufactured in Brazil. Powell was indicted for possessing a firearm and ammunition as a convicted felon.

After the government presented these facts at trial, Powell moved for a judgment of acquittal. Powell argued that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), violated the Commerce Clause, facially and as applied to him, because it punished the possession of a firearm even though there was no evidence that he was the one who transported the firearm and ammunition in interstate and foreign commerce. Powell conceded, however, that the district court was bound by Eleventh

Circuit precedent to deny his judgment of acquittal motion. So that's what the district court did.

The jury found Powell guilty as charged. He was sentenced to 180 months' imprisonment and three years of supervised release.

On appeal, Powell makes the same argument he made in the district court: the felon-in-possession statute, section 922(g), is unconstitutional because it "goes beyond Congress's power under the Commerce Clause."[1] As he did before the district court, Powell acknowledges that "[t]his Court has repeatedly" held otherwise and that "the Court is constrained by the prior precedent rule."

We have, many times, rejected the same Commerce Clause argument that Powell made in the district court and that he makes here. See United States v. Johnson, 981 F.3d 1171, 1192 (11th Cir. 2020) (holding that Eleventh Circuit precedent foreclosed the argument that the felon-in-possession statute was unconstitutional, facially and as applied, under the Commerce Clause); United States v. Wright, 607 F.3d 708, 715–16 (11th Cir. 2010) (holding that section 922(g) was constitutional as applied because the "government established that the firearms involved in Wright's offense were manufactured outside of Florida, the state in which the offense took place," which meant "the firearms necessarily traveled in

---

[1] We review de novo the constitutionality of statutes. United States v. Scott, 263 F.3d 1270, 1271 (11th Cir. 2001).

3

interstate commerce and therefore satisfied the minimal nexus requirement"); Scott, 263 F.3d 1270 (holding that recent Supreme Court cases had not modified or overturned the Eleventh Circuit precedent upholding the felon-in-possession statute); United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997) (holding that section 922(g) was not unconstitutional under the Commerce Clause); United States v. McAllister, 77 F.3d 387, 389–91 (11th Cir. 1996) ("We hold that [section] 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause."). Like the district court, we are bound by our prior holdings on the same issue until the Supreme Court or the en banc court hold otherwise. See United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("The law of this circuit is emphatic that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (quotation marks omitted)). Thus, we affirm Powell's felon-in-possession conviction.

**AFFIRMED.**

4